**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                  No. 96-4526

KELVIN D. SHERMAN,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Chief District Judge.
(CR-95-464)

Submitted: January 23, 1997

Decided: February 10, 1997

Before RUSSELL, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James C. Clark, LAND, CLARK, CARROLL & MENDELSON,
Alexandria, Virginia, for Appellant. Helen F. Fahey, United States
Attorney, W. Neil Hammerstrom, Jr., Assistant United States Attor-
ney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kelvin D. Sherman was convicted by a jury of carrying a firearm during a drug trafficking offense (18 U.S.C. § 924(c)(1) (1994)), and possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1) (1994)). He appeals his conviction and sentence. On appeal, Sherman asserts that the district court's instruction on the § 924(c) charge, which only required the jury to find constructive possession of the firearm, was improper under <u>Bailey v. United States</u>, 516 U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492), and, therefore, amounted to reversible error. Finding no error, we affirm.

Sherman's arrest resulted from a reverse sting operation; he arranged to buy two kilograms of cocaine from an undercover drug enforcement agent and to use his vehicle as collateral. After placing the drugs in the rear of the vehicle, Sherman told the agents that he needed to retrieve a radar detector and cellular phone from the vehicle. Sherman was arrested as he opened the glove compartment of the vehicle. Incident to Sherman's arrest, officials seized a radar detector and a fully-loaded 9mm semi-automatic pistol from the glove compartment.

At trial, the district court instructed the jury that in order to find Sherman guilty of the § 924(c) charge, carrying a firearm during a drug trafficking offense, he had to knowingly carry the firearm. The district court gave the following definition of carrying a firearm:

> The phrase carries a firearm means having firearms available to assist or aid in the commission of the crime charged in Count One of the indictment. In determining whether the defendant carried a firearm, you may consider all the factors received in evidence in the case, including the nature of the drug trafficking alleged, the proximity of the defendant to the firearm in question, the usefulness of the firearm to the crime alleged and the circumstances surrounding the presence of the firearm. The government is required to prove beyond a reasonable doubt that the firearm was in the defen-

2

> dant's possession and under the defendant's control at the
> time that a drug trafficking crime was committed.

On appeal, Sherman contends that these instructions were insufficient under <u>Bailey</u> because they did not require proof that the firearm was actively employed during the drug transaction or was an operative factor in relation to the drug trafficking offense. We disagree.

Sherman was indicted and convicted for carrying a firearm, not for using a firearm. In <u>Bailey</u>, while the Supreme Court narrowly defined the "use" prong of § 924(c)(1) to require proof that a defendant actively employed the firearm during and in relation to the predicate crime, it did not disturb prior interpretations of the alternate "carry" prong of the statute. <u>Bailey</u>, 64 U.S.L.W. at 4041-43. This court has adhered to the principle that if the firearm was present for protection and to facilitate the likelihood of the success of the drug trafficking offense, whether or not it was actually used, such evidence is sufficient to support a conviction under the carry prong of § 924(c)(1). <u>United States v. Hayden</u>, 85 F.3d 153, 161-62 (4th Cir. 1996); <u>see</u> <u>United States v. Barry</u>, 98 F.3d 373, 377-78 (8th Cir. 1996) (defendant "carried" weapon in connection with a drug offense when he had a loaded weapon in an unlocked glove compartment of the vehicle used to transport drugs).

The district court's instructions complied with our interpretation of carrying a firearm during a drug trafficking offense and clearly directed the jury to find the defendant guilty of more than constructive possession of the weapon, contrary to Sherman's contention. Further, we find sufficient evidence to support Sherman's conviction. The loaded pistol was located in the unlocked glove compartment of Sherman's vehicle. He was within close proximity to the weapon at times throughout the transaction and was in the process of retrieving items from the glove compartment at the time of his arrest. Although he did not carry the firearm on his person, it was in a position that was both available for use and within his reach. Finding no reversible error, we affirm Sherman's convictions and sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>